```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                      NORTHEASTERN DIVISION
```

JASON WILLIAM THOMASON          ]
    Plaintiff,               ]
                                ]
v.                              ]        No. 2:14-0022
                                ]        Judge Sharp
JORDAN MARTIN                   ]
    Defendant.               ]


# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Jackson County Jail in Gainesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Jordan Martin, a guard at the Smith County Jail, seeking injunctive relief and damages.

In mid January of this year, the plaintiff was an inmate at the Smith County Jail in Carthage, Tennessee. While there, the defendant allegedly pulled on plaintiff's goatee and made a sexually suggestive remark. The plaintiff reported this to a Smith County detective. The following night, the plaintiff was almost given another inmate's heart medication. Shortly thereafter, the plaintiff was transferred to his present place of confinement.

The plaintiff alleges that the defendant's remark constitutes sexual harassment. In addition, the plaintiff believes that he was almost given the wrong medication in a deliberate effort to harm him.

This action is being brought against the defendant in his official capacity only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, <u>Pusey v. City of Youngstown</u>, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Smith County, the municipal entity that operates the Smith County Jail. <u>Hafer v. Melo</u>, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Smith County or its agent, the Smith County Sheriff's Department. <u>Monell v. New York City Department of Social Services</u>, 98 S.Ct. 2018 (1978). In short, for Smith County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. <u>City of Canton v. Harris</u>, 109 S.Ct. 1197 (1989). To establish the requisite causal link, the plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". <u>Garner v. Memphis Police Department</u>, 8 F.3d 358, 363-64 (6th Cir.1993).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Smith County.

Consequently, the plaintiff has failed to state a claim against the defendant acting in his official capacity.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge